IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **NAPERVILLE THEATER, LLC,** | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | 15 C 3697 |
| | ) | |
| **ILLINOIS DEPARTMENT OF REVENUE,** | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | |
| | ) | |
| **NAPERVILLE THEATER, LLC et al.** | ) | |
| | ) | |
| Appellees. | ) | |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Appellee First Community Financial Bank's (CFB) motion to dismiss, on Frank J. Kokoszka's (Trustee) motion to dismiss brought in his capacity as the chapter 7 trustee of the bankruptcy estate of Naperville Theater, LLC (Debtor), and on Appellee Brixmor Property Group, Inc.'s and Brixmor Holdings 6 SPE, LLC's (collectively referred to as "Brixmor") motion to dismiss. For the reasons stated below, Brixmor's motion to dismiss is granted, the Trustee's motion to dismiss is granted, and CFB's motion to dismiss is denied.

1

## BACKGROUND

In February 2015, Debtor filed for chapter 11 bankruptcy. Debtor then filed a motion (Sale Motion) to establish bidding procedures and sell substantially all of its assets (Sale) under the Bankruptcy Code. On April 6, 2015, Debtor conducted an auction, acting as a debtor-in-possession and Brixmor was the high bidder. Appellant Illinois Department of Revenue (IDOR) had filed a pre-petition claim against the Debtor for withholding and sales taxes. On April 9, 2015, IDOR filed a Limited Objection to the Motion to Approve Sale (Limited Objection), arguing that the Sale could not be approved free and clear of the amounts owed to IDOR and requesting that certain amounts be turned over to the IDOR. At a hearing on the Sale Motion on April 13, 2014, the bankruptcy court overruled IDOR's Limited Objection and entered an order (Sale Order) approving the Sale to Brixmor free and clear of claims and encumbrances. On April 27, 2015, IDOR filed the instant appeal. On May 28, 2015, the sale to Brixmor was closed and the Assets were transferred to Brixmor. Brixmor then resold the Assets to a third party. CFB, the Trustee, and Brixmor now each move to dismiss the appeal.

## DISCUSSION

I. Motion to Dismiss Filed by Brixmor

Brixmor moves to dismiss the appeal to the extent that it is brought against Brixmor. Brixmor contends that the Sale is already complete and that since IDOR

failed to request or obtain a stay of the sale of the Assets, IDOR can no longer challenge the Sale. Brixmor requests that it be dismissed as an appellee in this appeal, and that the court find that nothing in this appeal may impair or alter the rights of Brixmor under the Sale Order. IDOR indicates that it does not oppose Brixmor's motion to dismiss. (Resp. 8). Therefore, Brixmor's motion to dismiss is granted.

II. CFB's Motion to Dismiss

CFB argues that the IDOR failed to request or obtain a stay of the sale of the Assets, and that the IDOR can no longer challenge the completed Sale. Pursuant to 11 U.S.C. § 363(m) (Section 363(m)), "[t]he reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." *Id.* The Seventh Circuit has held that "[i]n the interest of finality, when a party seeks review of a validity-of-sale decision, it must seek to stay that decision pending appeal," and "an appeal of a bankruptcy sale is moot if the stay required by § 363(m) is not obtained." *In re Vlasek*, 325 F.3d 955, 961-62 (7th Cir. 2003)(explaining that "[t]he uncertainty that would be fostered by a lack of timely review would undoubtedly lower the market price for estate assets, resulting in diminished creditor restitution per asset and necessitating the liquidation of more estate assets to cover the same

amount of creditor claims").

In the instant action, it is undisputed that IDOR never filed a motion to stay the Sale and that the Sale has been completed and the Assets transferred and that the bankruptcy court found the Sale to have been conducted in good faith.

A. Scope of Protection of Section 363(m)

IDOR argues that the protection of Section 363(m) extends only to the purchasers and not to creditors, such as CFB. CFB cites to *In re Vlasek*, 325 F.3d 955 (7th Cir. 2003), pointing out that the Court referenced the interest of the "debtor's estate and creditor's" and the purchaser, and third party purchasers. *Id.* at 961-62. However, a close examination of the holding in *In re Vlasek* shows that the court was merely explaining that creditors and debtors benefit from the ability to pursue an immediate appeal and a finality as to disputes over property. *Id.* There is no need to speculate as to the policies underlying Section 363(m) and infer as CFB suggests that it provides protection to creditors. The Seventh Circuit indicated that the creditors would benefit because more proceeds will be obtained in a sale if there is a prompt finality. *Id.* The Seventh Circuit has explained that the underlying reason is that "[t]he uncertainty that would be fostered by a lack of timely review would undoubtedly lower the market price for estate assets." In addition in regard to the stay requirement in Section 363(m), the Seventh Circuit explained that the requirement "bolsters third-party-purchaser reliance by minimiz[ing] the chance that purchasers will be dragged into endless rounds of litigation to determine who has

4

what rights in the property")(internal quotations omitted)(quoting *In re Sax*, 796 F.2d 994 (7th Cir. 1986)).

The Seventh Circuit has also specifically identified the two policies underlying the stay requirement in Section 363(m), namely the "importance of encouraging finality in bankruptcy sales by protecting good faith purchasers and thereby increasing the value of the assets that are for sale," and "a court's general jurisdictional bar from deciding cases in which it cannot provide a remedy." *In re CGI Indus., Inc.*, 27 F.3d 296, 299 (7th Cir. 1994). Neither policy is implicated in this case. Nor has CFB explained why at this juncture of appeal IDOR cannot seek relief from the proceeds that were ordered to go to CFB. In addition, CFB has presented no precedent that specifically supports its position relating to the distribution of sale proceeds in the Section 363(m) context. Thus, CFB has not shown that the protection offered in Section 363(m) is applicable to CFB in this instance.

### B. Challenge to Sale

IDOR argues that it is not seeking to challenge the sale to Brixmor and that it is merely challenging the bankruptcy court's finding that IDOR is not entitled to proceeds from the sale. CFB argues that IDOR is technically challenging the Sale Order. *See In re River W. Plaza-Chicago, LLC*, 664 F.3d 668, 671 (7th Cir. 2011)(stating that the Court has "repeatedly held that when a party challenges the bankruptcy court's order approving the sale of estate property to a good faith

purchaser, it must obtain a stay of that order pending appeal, lest the sale proceed and the appeal become moot"). A look at the plain language of Section 363(m), which is the underling basis for CFB's motion to dismiss and the case holdings cited to by CFB, shows that Section 363(m) provides that "[t]he reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect *the validity of a sale*" in the absence of a stay. 11 U.S.C. § 363(m)(emphasis added). IDOR is not challenging the validity of the Sale and CFB has not shown that a dispute over the distribution of proceeds in this case would impact the validity of the sale. The language of Section 363(m) does not address the distribution of proceeds from a sale or the need to seek a stay relating to proceeds. Courts in other Circuits have likewise concluded that Section 363(m) relates to the issue of the validity of the sale, and not to separate disputes over the proceeds of the completed sale. *See, e.g., in re Osborn*, 24 F.3d 1199, 1203 (10th Cir. 1994); *Mission Iowa Wind Co. v. Enron Corp.*, 291 B.R. 39, 41-42 (S.D.N.Y. 2003). CFB argues that this court should decline to create an exception to the Section 363(m) bar. However, as explained above, based upon the plain language of Section 363(m), the instant appeal does not fall within the scope of Section 363(m). IDOR is thus not foreclosed by Section 363(m) from pursing its appeal against CFB as it relates to the distribution of the proceeds.

    C. Waiver

CFB argues that IDOR failed to raise the issue on appeal before the

bankruptcy court and that IDOR waived the issue presented in this appeal. However, IDOR has shown that in the Limited Objection, IDOR did assert an interest in the proceeds in such objection. IDOR did not need to spell out word for word in the Limited Objection all the arguments it now seeks to present on appeal. Thus, the IDOR did not waive the issue presented on appeal. Based on the above, CFB's motion to dismiss is denied.

III.  Trustee's Motion to Dismiss

The Trustee argues that the appeal brought against it should be dismissed. It is undisputed that the Trustee does not hold any of the proceeds sought by IDOR. Nor has IDOR presented a legitimate basis to hold the Trustee liable for the distribution of such proceeds. The distribution of the proceeds was made pursuant to the bankruptcy court rulings. The Trustee has no longer any stake in this matter. Nor does the Trustee have any further ability to provide any portion of the distributed proceeds to IDOR. CFB was ordered to receive the distribution of the proceeds and this court has not foreclosed IDOR from seeking the necessary relief from CFB. Therefore, the Trustee's motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, Brixmor's motion to dismiss is granted, the Trustee's motion to dismiss is granted, and CFB's motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 29, 2015