# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **NAPERVILLE THEATER, LLC,** | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | 15 C 3697 |
| | ) | |
| **ILLINOIS DEPARTMENT OF REVENUE,** | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | |
| | ) | |
| **NAPERVILLE THEATER, LLC et al.** | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Appellant Illinois Department of Revenue's (IDOR) appeal from the ruling of the bankruptcy court (Bankruptcy Court) in bankruptcy case number 15 B 05384. For the reasons stated below, this court reverses the Bankruptcy Court's decision.

## BACKGROUND

In February 2015, Naperville Theater, LLC (Debtor) filed for chapter 11

1

bankruptcy. Debtor then filed a motion (Sale Motion) to establish bidding procedures and sell substantially all of its assets (Sale) under the Bankruptcy Code. On April 6, 2015, Debtor conducted an auction, acting as a debtor-in-possession and Appellee Brixmor Property Group, Inc.'s and Brixmor Holdings 6 SPE, LLC's (collectively referred to as "Brixmor") were the high bidder. Appellee First Community Financial Bank (FCFB) was a secured creditor seeking to recover the proceeds from the Sale pursuant to its lien. IDOR had filed a pre-petition claim against the Debtor for withholding and sales taxes. On April 9, 2015, IDOR filed in the bankruptcy proceedings a Limited Objection to the Motion to Approve Sale (Limited Objection), arguing that the Sale could not be approved free and clear of the amounts owed to IDOR and requesting that certain amounts be turned over to IDOR. At a hearing on the Sale Motion on April 13, 2014, the Bankruptcy Court overruled IDOR's Limited Objection and entered an order (Sale Order) approving the Sale to Brixmor free and clear of claims and encumbrances. On April 27, 2015, IDOR filed the instant appeal. On May 28, 2015, the sale to Brixmor was closed and the Assets were transferred to Brixmor. Brixmor then resold the Assets to a third party.

In the instant appeal, FCFB, the Trustee of the Debtor's estate, and Brixmor initially moved to dismiss the appeal, and on October 29, 2015, the court granted Brixmor's motion to dismiss, granted the Trustee's motion to dismiss, and denied FCFB's motion to dismiss. FCFB now pursues the instant appeal, requesting that the court reverse the Bankruptcy Court's decision.

## LEGAL STANDARD

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the rulings of a bankruptcy court. 28 U.S.C. § 158. On appeal, the district court reviews the factual findings of the bankruptcy court under the clearly erroneous standard and reviews the bankruptcy court's legal findings under the *de novo* standard. *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009)(stating that the court "review[s] the bankruptcy court's determinations of law *de novo* and findings of fact for clear error," but "where the bankruptcy code commits a decision to the discretion of the bankruptcy court, [the court] reviews that decision only for an abuse of discretion"); *see also In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997)(stating that a "bankruptcy court's findings of fact are upheld unless clearly erroneous and the legal conclusions are reviewed *de novo*"). Where there are mixed questions of law and fact, the district court conducts a *de novo* review. *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008).

## DISCUSSION

Pursuant to 11 U.S.C. § 363(e) (Section 363(e)), "on request of an entity that has an *interest in property* used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary *to provide adequate protection of such interest*." *Id.* (emphasis added); *see also* 11 U.S.C. § 363(f)(explaining conditions

for sale of property by trustee). In this case, the Bankruptcy Court relied on *In re Elk Grove Vill. Petroleum*, 510 B.R. 594 (Bankr. N.D. Ill. 2014) in overruling IDOR's Limited Objection. (DE 26-9: 6); (DE 26-1:9). The Bankruptcy Court held that although IDOR possessed an interest in property that would ordinarily be entitled to protection under Section 363(e) and 11 U.S.C. § 363(f) (Section 363(f)), the interest no longer had any value because there are secured creditors that would have priority over any unsecured creditor such as IDOR. *Id.* The Bankruptcy Court thus concluded that IDOR's interest was not entitled to "adequate protection" under Section 363(e) and Section 363(f). *Id.* IDOR argues on appeal that the Bankruptcy Court erred in finding that its interest no longer had any value, and erred in declining to provide IDOR with adequate protection under Section 363(e) and Section 363(f).

I. Issues Not Raised on Appeal

FCFB in its appellee brief seeks to challenge the Bankruptcy Court's conclusion that IDOR held an interest under Section 363(e) and Section 363(f). (FCFB 4-6). The Bankruptcy Court held that IDOR had an interest in the Section 363(e) and Section 363(f) context, in adopting the reasoning in *Elk Grove Vill.* that "even though the [IDOR] had an interest, . . . the interest had no value. . . ." (DE 26-9). FCFB is not the appellant in this appeal. According to IDOR, none of the parties raised the issue before the Bankruptcy Court either. (IDOR Open 7). The record does not reflect that FCFB ever filed any appeal in this matter and the court will not give advisory opinions on issues that are not properly before this court on appeal.

4

The court notes that IDOR also requests on appeal that the court order that a certain level of compensation be made to IDOR. However, the Bankruptcy Court has not had an opportunity to address the proper criteria for calculating any compensation owed to IDOR. Even IDOR in its opening brief acknowledges that there may not be sufficient information in the record on appeal to address the compensation issue at this juncture. (IDOR Open 12). Thus, it is premature to address the compensation issue on appeal.

II. IDOR's Interest Had Value that Was Entitled to Adequate Protection

IDOR contends that it held an interest that was entitled to adequate protection under Section 363(e). The basis for liability to IDOR in this case is the Illinois Bulk Sales Provisions, which require a purchaser in a bulk sale to withhold taxes owed to IDOR by the seller and to turn over such taxes to IDOR if the seller does not pay the taxes. 35 ILCS 5/902(d)(stating that the purchaser "shall be personally liable"); 35 ILCS 120/5j (stating that the purchaser "shall be personally liable"); *Illinois Dep't of Revenue v. Elk Grove Vill. Petroleum, LLC*, 541 B.R. 673, 679 (N.D. Ill. 2015). IDOR's claim against the purchaser of the Assets is a claim for personal liability. Even when considering the priority of liens and the fact that IDOR does not stand as secured creditor, IDOR has its separate claim for personal liability against the purchaser of the Assets. IDOR's successor liability claim would stand apart from such liens. The Seventh Circuit has made clear that an interest in the Section 363(e) and Section 363(f) context is not limited to secured liens. *See Precision Indus., Inc.*

*v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 545 (7th Cir. 2003)(stating that the Bankruptcy "Code itself does not suggest that an 'interest' should be understood in a special or narrow sense; on the contrary, the use of the term 'any' counsels in favor of a broad interpretation").

  As indicated above, the Bankruptcy Court expressly relied upon *Elk Grove Vill.* in overruling IDOR's Limited Objection. (DE 26-9: 6); (DE 26-1: 9). In *Elk Grove Vill.*, IDOR was as in this case seeking to recover taxes after a sale of the debtor's assets, and seeking adequate protection under Section 363(e). *Id.* However, after the Bankruptcy Court's reliance in this case on *Elk Grove Vill.*, the district court on appeal reversed in part the decision in *Elk Grove Vill.* 541 B.R. at 681. The district court held that the bankruptcy court had erred in finding that IDOR's interest in that case was of no value due to IDOR's unsecured status. *Id.* The district court found that the bankruptcy court had failed to adequately consider the personal liability owed to IDOR, emphasizing the importance of that personal liability, and remanded the case for a determination of the value, if any, of IDOR's extinguished interest. *Id.* at 679-81. The Bankruptcy Court in this case did not have the benefit of the district court's ruling when making its decision in this case. The Bankruptcy Court in this case similarly improperly concluded that IDOR's interest held no value that was entitled to adequate protection under Section 363(a). The successor personal liability claim in this case had value and IDOR was entitled to adequate protection in this case under Section 363(a). IDOR is entitled to compensation for the extinguishment of its ability to enforce that interest.

III. FCFB's Constitutional Rights and Equities

FCFB also argues that to allow IDOR to claim any funds at this point would be an impermissible taking of FCFB's property without due process or just compensation in violation of FCFB's Fifth Amendment rights. However, IDOR correctly points out that the statutory bases for personal liability to IDOR were in place prior to 2011 when FCFB sought to perfect the security liens. IDOR can properly seek adequate protection pursuant to Section 363(e) and an assertion of such rights does not violate any of FCFB's constitutional rights. Nor would allowing IDOR to pursue its successor liability claim in this instance materially impact the lien priority scheme in the Bankruptcy Code or violate Illinois state law relating to the priority of security interests.

The court also notes that the equities do not favor FCFB in this instance. IDOR correctly points out that FCFB's recovery from the sale was likely artificially high due to the inaccurate portrayal of the Assets as being free and clear of encumbrances like IDOR's transferee liability claim. FCFB, in refusing to provide IDOR with its just share of the proceeds, is improperly seeking to gain a windfall from the bankruptcy proceedings at the expense of the public which depends on the payment of taxes. Therefore, based on the above, the Bankruptcy Court's decision is reversed and this action is remanded for a determination of the value, if any, of IDOR's extinguished interest.

## CONCLUSION

Based on the foregoing analysis, the Bankruptcy Court's decision is reversed and this case is remanded to the Bankruptcy Court for further proceedings consistent with this Opinion.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 10, 2016